# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  Case No.: 08-3031-01-CR-S-RED

**LESLIE ROBERT MACLAREN**

USM Number: 20537-045

Steven Meier, Retained
P.O. Box 2306
Nixa, MO 65714

_____

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on July 20, 2011, to Counts 1-3, 6-10 and 11 of the Second Superseding Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 152(3) and 2 | Bankruptcy Fraud - False Declarations | May 1, 2003 | 1 |
| 18 U.S.C. 152(1) and 2 | Bankruptcy Fraud - Concealing Assets | May 1, 2003 | 2 |
| 26 U.S.C. 7201 | Attempt to Evade and Defeat the Payment of Tax | May 1, 2003 | 3 |
| 26 U.S.C. 7201 | Attempt to Evade and Defeat Tax | April 15, 2004 | 6 |
| 26 U.S.C. 7201 | Attempt to Evade and Defeat Tax | April 15, 2005 | 7 |
| 26 U.S.C. 7201 | Attempt to Evade and Defeat Tax | April 17, 2006 | 8 |
| 26 U.S.C. 7201 | Attempt to Evade and Defeat Tax | April 17, 2007 | 9 |
| 18 U.S.C. 287 | False Claims | July 10, 2008 | 10 |
| 26 U.S.C. 7212(a) | Obstructing or Impeding Due Administration of Internal Revenue Laws | July 10, 2008 | 11 |

The defendant is sentenced as provided in the following pages of this judgment.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: February 9, 2012

   s/ Richard E. Dorr
RICHARD E. DORR
UNITED STATES DISTRICT JUDGE

February  14  ,2012

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **51 months** on each of Counts 1, 2, 3, 6, 7, 8, 9, 10; and **36 months** on Count 11, all to be served concurrently for a total term of imprisonment of 51 months.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By:_____  
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**. This consists of 3 years on each of Counts 1-3, 6-10; and 1 year on Count 11, the terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Mandatory drug testing is waived pursuant to 18 U.S.C. 3583(d).

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency

     without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

It is further ordered that on Counts 1 and 2, **discretionary restitution** is imposed as follows and shall be paid to:

Missouri Department of Revenue  
Attn: Deanna Sherwood  
P.O. Box 1002  
Jefferson City, MO 65105  
$10,499 (Priority 1)

Internal Revenue Service  
Attention: IRS -RACS  
Attn: Mail Stop 6261, Restitution  
333 W. Pershing Ave.  
Kansas City, MO 64108  
$105,612 (Priority 2)

A lump sum payment of the full amount of discretionary restitution is due immediately. If unable to pay the full amount immediately, the defendant shall make <u>total restitution payments</u> of at least 10 percent of earnings while incarcerated and monthly payment of $100 or 10 percent of gross income, whichever is greater, while on supervision. The defendant shall pay restitution during the first 30 months of supervision.

1. The defendant shall pay any restitution balance during the first **30 months** of supervision on the schedule set by the Court.

2. The defendant shall submit his person, and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices or media and effects to a search at any time, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

3. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Office, while court-ordered financial obligations are outstanding

4. The defendant shall provide the Probation Officer access to any requested financial information.

5. The defendant shall successfully participate in any mental health counseling program, as approved by the Probation Office, and pay any associated costs, as directed by the Probation Office.

6. The defendant is to cooperate with the IRS in paying all outstanding taxes, penalties and interest.

## ACKNOWLEDGMENT OF CONDITIONS

I have read or have read the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____     _____  
Defendant                                                                        Date

_____     _____  
United States Probation Officer                                       Date

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$900** | **$0** | **$217,892.17** (This amount does not include discretionary restitution.) |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

You are hereby ordered to begin payment immediately and continue to make payments to the best of your ability until this obligation is satisfied. While in custody you are directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon your release from custody you shall adhere to a payment schedule as determined by the Probation Office.

| Name of Payee | Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Diner's Club<br>Attn: Collections<br>P.O. Box 6101<br>Carol Stream, IL 60197-6101 | $4,863.00 | $4,863.00 | 1 |
| Lowther, Johnson Attorneys at Law, LLC<br>901 E. St. Louis Street<br>Springfield, MO 65806 | $11,365.42 | $11,365.42 | 1 |
| Nissan Motor Acceptance<br>8900 Freeport Pkwy<br>Irving, TX 75063 | $8,253.19 | $8,253.19 | 1 |
| J.P. Morgan Chase and Company<br>(Formerly Providian Bank)<br>270 Park Avenue, Floor 12<br>New York, NY 10017-2014 | $3,765.56 | $3,765.56 | 1 |
| Missouri Department of Revenue<br>Attn: Deanna Sherwood<br>P.O. Box 1002<br>Jefferson City, MO 65105 | $13,150.00 | $13,150.00 | 1 |
| Internal Revenue Service<br>Attention: IRS - RACS<br>Attn: Mail Stop 6261, Restitution<br>333 W. Pershing Ave.<br>Kansas City, MO 64018 | $176,495 | $176,495 | 2 |

      Since the Court finds the defendant does not have the ability to pay interest, any future interest is waived. All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

Note: Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    Lump sum payment of **$900 special assessment** shall be due immediately.

    A lump sum payment of **$217,892.17 restitution** is ordered due immediately. If unable to pay the full amount immediately, the defendant shall make total restitution payments of at least 10 percent of earnings while incarcerated and monthly payment of $100 or 10 percent of gross income, whichever is greater, while on supervision. The defendant shall pay restitution during the first 30 months of supervision.

The defendant shall notify, within 30 days, the Clerk of the Court and the United States Attorney's Office, Financial Litigation Unit, 400 East 9th Street, Room 5510, Kansas City, MO 64106 of: 1) any change of name, residence, or mailing address; and 2) any material change in economic circumstances that affects the ability to pay restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.